UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-CR-25-HAB |
| | ) | |
| STEVEN W. HUDSON | ) | |

**OPINION AND ORDER**

The parties disagree on whether Defendant's 2005 conviction for Aiding in Dealing in Methamphetamine, a Class B felony, can be counted in classifying Defendant as a career offender under U.S.S.G. § 4B1.1(a). They have briefed the issue (ECF No. 81, 82) and have submitted supplemental briefs at the Court's request (ECF No. 84, 85). The Court has reviewed the briefs and concludes that Defendant is a career offender.

**I.      Factual Background**

In November 2003, Defendant was charged with Aiding in Dealing in Methamphetamine, in violation of Ind. Code §§ 35-41-2-4 ("Aiding Statute") and 35-48-4-1 ("Dealing Statute"). He pleaded guilty in December 2005, and was sentenced to 10 years' imprisonment with 4 years suspended, 4 years' probation, and a $1.00 fine.

**II.     Legal Discussion**

To determine whether a prior conviction is a controlled substance offense for purposes of the Guidelines, courts apply a "categorical approach," under which they "focus solely on . . . the elements of the crime of conviction . . . while ignoring the particular facts of the case" to see if those elements "match" the elements of the "generic" offense. *Mathis v. United States*, 579 U.S. 500, 504 (2016). If the elements of the crime of conviction are the same as, or narrower than, the elements of the generic version of the offense, the crime of conviction qualifies as a predicate

offense. *Id*. at 503. If the elements are broader, the Court asks whether the statute is "divisible." A statute is divisible if it lists elements in the alternative, thereby defining multiple crimes. *Id.* at 505.

When analyzing a divisible statute, a sentencing court applies a "modified categorical approach." *Id*. Under that approach, the court reviews "a limited class of documents"—known as *Shepard*-approved documents—"to determine what crime, with what elements, a defendant was convicted of." *Id*. at 505–06. (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). The court then "compare[s] that crime . . . with the relevant generic offense." *Id*.

Which approach to apply is easy: "Indiana Code § 35-48-4-1[1] is divisible, [and] we apply the modified categorical approach." *United States v. Smith*, 921 F.3d 708, 715 (7th Cir. 2019). Turning to the *Shepard* documents, the Information alleged:

> The undersigned affirms that between November 10, 2003 and November 17, 2003, at and in the County of Steuben and State of Indiana, Steven Wade Hudson did knowingly or intentionally aid, induce, or cause another person to manufacture methamphetamine, to-wit: did supply Bobby Miller with precursors and assisted in obtaining anhydrous ammonia with the intent to manufacture methamphetamine, all of which is contrary to the form of the statutes in such cases made and provided by I.C. 35-48-4-1(a)(1) and against the peace and dignity of the State of Indiana.

(ECF No. 84-1 at 11). The Information, consistent with the other *Shepard* documents, shows that Defendant was charged with knowingly or intentionally aiding, inducing, or causing another person to manufacture methamphetamine, in violation of subsection (a)(1) of the Dealing Statute. There is no genuine dispute here—a violation of I.C. § 35-48-4-1(a)(1) consisting of aiding, inducing, or causing another person to manufacture methamphetamine is a controlled substance offense under U.S.S.G. § 4B1.2(b) and application note 1. *Smith*, 921 F.3d at 715–16.

---

[1] *Smith* interpreted the 2008 version of the statute, but "the versions of the statute remain substantively the same between the approval of Public Law 165 in 1990 through the publication of the pocket part in 2009." *Id*. at 714, n.2.

The parties do dispute what the Court should do with the phrase following "to-wit" in the Information. Defendant argues that the Court must focus on his actual conduct—supplying anhydrous ammonia. And because anhydrous ammonia is not a controlled substance, he claims, his conviction is not a qualifying offense under *United States v. Tate*, 822 F.3d 370 (2016). The Court does not agree.

First, the Court does not believe that the "to-wit" language is relevant to the Court's determination. The modified categorical approach allows the Court to look at the *Shepard* documents "for the limited purpose of determining which part of the offense the prior conviction was for—but still *not* to the particular facts underlying the conviction." *United States v. Taylor*, 630 F.3d 629, 633 (7th Cir. 2010) (original emphasis). The Court agrees with the Government that supplying anhydrous ammonia was not an element of Defendant's offense, but the factual means by which he committed it. Those factual means remain beyond the purview of the Court in determining whether Defendant is a career offender.

The Court also finds *Tate* to be distinguishable. The defendant in *Tate* was not charged with aiding in dealing in methamphetamine. Instead, he was charged with attempted possession of anhydrous ammonia with intent to manufacture methamphetamine under 720 Ill. Comp. State. 646/25(a)(1). This distinction is important because the Illinois statute did not criminalize possession or manufacture of a controlled substance, but possession of anhydrous ammonia for those purposes. Whether anhydrous ammonia was a listed chemical under 21 U.S.C.§ 841(c)(1) was the key question, then, because it was the only potential tie between the Illinois statute and the Guidelines definition of a controlled substance offense.

Not so here. The Dealing statute, along with the Aiding Statute, criminalized knowingly or intentionally aiding, inducing, or causing another person to manufacture methamphetamine. That's

3

it. It is not necessary to determine whether anhydrous ammonia, or any other precursor, is a listed chemical because the Dealing Statute doesn't criminalize the possession of that chemical. Rather, the Dealing Statute criminalizes dealing in methamphetamine, a controlled substance. The Court has no trouble concluding that this is a controlled substance offense under the Guidelines.

### III. Conclusion

For these reasons, Defendant's objection to his classification as a career offender is OVERRULED. Because the Final Presentence Investigation Report has calculated the guidelines appropriately, no further revision is necessary. The Court will set sentencing by separate order.

SO ORDERED on October 12, 2023.

    s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT